NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3750

_____

UNITED STATES OF AMERICA

v.

KAHLIL HAMPTON
a/k/a/ RUGER,
                    Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3-19-cr-00298-001)
District Judge:  Hon. Freda L. Wolfson

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
November 16, 2020

Before:  JORDAN, KRAUSE, and RESTREPO, *Circuit Judges.*

(Filed: December 4, 2020)
_____

OPINION*
_____

_____

    * This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

JORDAN, *Circuit Judge*.

Kahlil Hampton appeals the judgment of the United States District Court for the District of New Jersey sentencing him to 176 months' imprisonment. Hampton's attorney has moved to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). For the reasons that follow, we will affirm the District Court's judgment and grant the motion to withdraw.

## I.     BACKGROUND

Hampton pled guilty to a single-count Information charging him with conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 846. *See also* 21 U.S.C. § 841(a)(1), (b)(1)(B). In exchange for his plea, the government agreed not to bring any additional criminal charges against him stemming from his involvement in the conspiracy.

As part of the plea agreement, Hampton expressly waived his right to appeal a factual stipulation included in the plea agreement, should the District Court accept the stipulated fact. The stipulation stated that Hampton was "responsible for more than 100 but less than 400 grams of heroin as a result of his participation in the conspiracy." (App. at 83.) The parties otherwise "reserve[d] the right to file, oppose, or take any position in any appeal, collateral attack, or proceeding involving post-sentencing motions or writs." (App. at 83.)

At the plea hearing, the District Court did in fact accept the stipulation, and a full factual basis for the plea was established on the record. The Court found Hampton to be competent, capable of entering into an informed plea agreement, and aware of the nature

2

of the charge and consequences of the plea.  It further found that the plea of guilty was knowing, voluntary, and supported by an independent factual basis.

In preparation for Hampton's sentencing, a presentence investigation report ("PSR") was prepared.  Applying the United States Sentencing Guidelines, it calculated an offense level of 31 and a criminal history category of VI, and correspondingly recommended a sentencing range of 188 to 235 months.  The PSR recognized that, under 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), Hampton faced a mandatory minimum term of five years' imprisonment and a maximum term of 40 years' imprisonment.  *See also* 21 U.S.C. § 846.  The government sought an increase of two points in the offense level, to account for Hampton's possession of a firearm.  The District Court, however, decided against that increase because ultimately it would not "affect the overall calculation" of the sentencing range, in light of Hampton's status as a career offender, and because that increase could prevent Hampton from participating in certain Bureau of Prisons programs during "what will be a lengthy sentence."  (App. at 138-39.)  After evaluating the § 3553(a) factors, the Court sentenced Hampton to 176 months' imprisonment, twelve months below the minimum of his advisory guidelines range of 188 to 235 months.  The sentence also included five years of supervised release and a special assessment fee for $100.

A week after his sentencing, Hampton filed a timely *pro se* notice of appeal, contending (according to his attorney) that the length of his sentence was unreasonable.[1] Thereafter, Hampton's counsel moved to withdraw and filed a supporting *Anders* brief, indicating his belief that there are no nonfrivolous issues for appeal. Hampton did not file a brief.

## II.    DISCUSSION[2]

Under *Anders v. California*, counsel may seek to withdraw from representing a criminal defendant on appeal if there are no nonfrivolous issues to appeal. 386 U.S. at 744. We implement *Anders* through our Local Appellate Rule ("L.A.R.") 109.2(a)[3] and

---

[1] Hampton's Notice of Appeal does not indicate whether he intends to appeal his conviction, his sentence, or both. But, as we discuss below, there are no nonfrivolous bases to challenge either his conviction or his sentence.

[2] We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). The District Court had jurisdiction pursuant to 18 U.S.C. § 3231.

[3] The Third Circuit Local Appellate Rule 109.2(a) states:
Where, upon review of the district court record, counsel is persuaded that the appeal presents no issue of even arguable merit, counsel may file a motion to withdraw and supporting brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), which must be served upon the appellant and the United States. The United States must file a brief in response. Appellant may also file a brief in response pro se. After all briefs have been filed, the clerk will refer the case to a merits panel. If the panel agrees that the appeal is without merit, it will grant counsel's *Anders* motion, and dispose of the appeal without appointing new counsel. If the panel finds arguable merit to the appeal, or that the *Anders* brief is inadequate to assist the court in its review, it will appoint substitute counsel, order supplemental briefing and restore the case to the calendar. The panel will also determine whether to continue the appointment of current counsel or to direct the clerk to discharge current counsel and appoint new counsel.

examine two principal questions: first, whether counsel has "adequately fulfilled" the requirements of our L.A.R. 109.2(a); and, second, "whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). "We exercise plenary review to determine whether there are any such issues." *Simon v. Gov't of V.I.*, 679 F.3d 109, 114 (3d Cir. 2012) (citing *Penson v. Ohio*, 488 U.S. 75, 80-83 & n.6 (1988)). Whether an issue is frivolous is a question informed by the standard of review for each potential claim raised. *United States v. Schuh*, 289 F.3d 968, 974-76 (7th Cir. 2002).

### A.    Adequacy of the *Anders* Brief

Fulfillment of the requirements in L.A.R. 109.2(a) often turns, as it does in this case, on the adequacy of counsel's supporting brief. To be adequate, the *Anders* brief must "satisfy the court that counsel has thoroughly examined the record in search of appealable issues," must identify issues that might arguably support an appeal, and must "explain why the issues are frivolous." *Youla*, 241 F.3d at 300 (citation omitted). "Counsel need not raise and reject every possible claim[,]" but he or she must conscientiously examine the record, as *Anders* requires. *Id.* (citation omitted).

Here, counsel identifies three potentially appealable issues: "(1) the district court's jurisdiction, (2) the validity of [Hampton's] plea, and (3) the reasonableness and legality of his … sentence." (Opening Br. at 7-8.) Counsel represents that he has reviewed the record and concluded there are no nonfrivolous issues for the following reasons: the District Court had jurisdiction to convict and sentence Hampton under 18 U.S.C. § 3231; Hampton voluntarily waived any right to dispute that he was "responsible for more than

5

100 but less than 400 grams of heroin as a result of his participation in the conspiracy" (App. at 79, 83); the requirements of Federal Rule of Criminal Procedure 11 were met; the plea hearing was comprehensive, thorough, and left no questions regarding Hampton's competence or comprehension; the sentencing proceeding complied with Federal Rule of Criminal Procedure 32; the District Court correctly calculated the advisory guidelines range; the Court considered the sentencing factors set forth in 18 U.S.C. § 3553(a); and the Court sentenced Hampton to twelve months less than the guidelines' recommended minimum sentence. We are satisfied that counsel has correctly and thoroughly assessed the record.

**B.      Our Independent Review Reveals No Nonfrivolous Issues**

Because counsel's *Anders* brief is adequate, our review of the record is guided by the brief itself and we consider each of the three identified issues in turn. *See United States v. Coleman*, 575 F.3d 316, 321 (3d Cir. 2009).

1.      The District Court Had Jurisdiction

Under 18 U.S.C. § 3231, the District Court properly exercised jurisdiction over Hampton because he was charged with committing an offense against the United States.

2.      The Plea Agreement Is Valid

To withstand a challenge like Hampton's, a guilty plea must comply with Rule 11 of the Federal Rules of Criminal Procedure, which embodies the "constitutional requirement that a guilty plea be 'knowing' and 'voluntary.'" *United States v. Schweitzer*, 454 F.3d 197, 202 (3d Cir. 2006). Because Hampton did not contest the

validity of his plea before the District Court, we review for plain error. *United States v. Goodson*, 544 F.3d 529, 539 (3d Cir. 2008).

Here, the District Court, among other things, addressed Hampton personally and in open court, confirmed he understood the rights he was forfeiting, ensured he understood and had the opportunity to examine with his attorney the terms of his plea agreement, and verified he was pleading guilty knowingly and voluntarily, without any outside promises or threats. The Court further confirmed that Hampton knew of and understood the specific waiver of his right to appeal the factual stipulation included in the plea agreement. In light of the Court's thorough and comprehensive colloquy with Hampton, we see no nonfrivolous basis to challenge the validity of the plea.

### 3. The Sentence Imposed by the District Court Is Reasonable

To determine whether a sentence is reasonable, we examine "whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007). "[W]e will affirm [a sentence] unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc).

Procedurally, Hampton's sentencing hearing complied with Federal Rule of Criminal Procedure 32. Hampton, his counsel, and the government all had the opportunity to address the District Court. In addition, several of Hampton's family members spoke to the Court on Hampton's behalf. The Court also confirmed that

7

Hampton and his defense counsel had an opportunity to review the PSR and that Hampton was aware of his right to appeal.

After correctly calculating the sentencing guidelines range of 188 to 235 months, the District Court sentenced Hampton to 176 months' imprisonment, a twelve-month downward variance from the bottom of the guidelines range. In doing so, the Court provided reasoned consideration of the § 3553(a) factors, including Hampton's criminal history, the circumstances and seriousness of his offense, and all mitigating factors offered on his behalf. The Court further decided against the government's request for a two-point increase in the guidelines offense level for possession of a firearm, out of consideration for Hampton's access to certain prison programs. The Court identified the need for specific and general deterrence because Hampton "had fairly lengthy sentence[es] in the past [and] [i]t hasn't deterred" him from making many "poor" (i.e., criminal) decisions. (App. at 185-86.) Even so, the District Court, "hold[ing] out just a little bit of hope" for Hampton, chose "to shave 12 months off the bottom of the [g]uidelines." (App. at 186.)

It is clear that the Court meaningfully considered all relevant factors and appropriately imposed a reasonable sentence on Hampton. Any claim otherwise is frivolous.

## III.     CONCLUSION

For the foregoing reasons, we will affirm Hampton's conviction and sentence and will grant his counsel's motion to withdraw.